# IN THE COURT OF APPEALS OF IOWA

No. 18-1862
Filed December 19, 2018

**IN THE INTEREST OF K.G.,**
**Minor Child,**

**V.G., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

The mother appeals the termination of her parental rights to her one-year-old child. **AFFIRMED.**

Nancy A.S. Trotter, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Karl Wolle of Juvenile Public Defender, Des Moines, guardian ad litem for minor child.

Considered by Vogel, P.J., and Potterfield and Doyle, JJ.

**POTTERFIELD, Judge.**

The mother appeals the termination of her parental rights to her one-year-old child, K.G.[1]  The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h) (2018).  On appeal, she argues there is not clear and convincing evidence to support the statutory grounds for termination and termination is not in the child's best interests because of the close bond the mother and K.G. share.

We review termination proceedings de novo.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

We begin by considering the statutory grounds.  "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."  *Id.* at 774.  We consider the grounds of section 232.116(1)(h), which allows the court to terminate parental rights if all of the following are met:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother only challenges the fourth element—whether K.G. could be returned to her care at the time of the termination hearing.  *See In re D.W.*, 791 N.W.2d

---

[1] The father's parental rights were also terminated.  He does not appeal.

703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing").

However, at the termination hearing in October 2018, the mother conceded she was "not in a position to have [K.G.]" in her care. At the time, the mother was living with the paternal grandmother in the grandmother's one-bedroom apartment in a retirement community. While the mother did not believe she was at imminent risk of being forced to leave, the mother admitted the grandmother was not technically supposed to allow the mother to stay with her. The mother did not have employment. She tested positive for methamphetamine in April 2018 and had since failed to show up in a timely manner to the random drug tests requested by the social worker. The mother claimed she obtained a substance-abuse evaluation after the positive test in April that did not recommend any treatment, but when the social worker contacted the provider, they "said they had no evaluation or history of [the mother] going there." Based on this record, we cannot say K.G. could have been returned to the mother's care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *see also In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) ("[A] child cannot be returned to the custody of the child's parent under section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." (alteration in original) (citation omitted)).

The mother combines her argument regarding the best interests of K.G., *see* Iowa Code § 232.116(2), and the permissive factors weighing against termination, *see id.* § 232.116(3). She maintains termination of her parental rights is not in K.G.'s best interests because of the strong bond they share. In

considering K.G.'s best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2). The mother has the burden to establish that a permissive factor weighs against the termination of her parental rights. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) ("[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3)[].").

Other than one six-week period, K.G. has lived with her foster parents since being discharged from the hospital following her birth in May 2017 through the time of the termination hearing in October 2018. The foster parents have already adopted K.G.'s sibling—one of the mother's other children. The mother agreed K.G. is safe with the foster parents, who are a pre-adoptive placement, and the foster parents have hosted visits between their adopted child, K.G., and the mother's third child. They provide K.G. a safe, stable, and supportive home. And while the mother has established that she is a capable parent during visits, nothing in the record convinces us that the termination of her parental rights would be detrimental to K.G. *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010) (providing that though the parent loves their child, "our consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent's] inability to provide for [the child's] developing needs").

We affirm the termination of the mother's parental rights to K.G.

**AFFIRMED.**